**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

HAWKINS MARITAL TRUST, )
)
    Plaintiff, ) Case No.: 2:17-cv-00610-GMN-VCF
 vs. )
) **ORDER**
RANDOLPH PETERSON et al., )
)
    Defendants. )
)

 Pending before the Court is the Motion to Dismiss, (ECF No. 7), filed by Defendants Randolph Peterson and Teri Peterson ("Defendants"). Plaintiff Hawkins Marital Trust ("Plaintiff") filed a Response, (ECF No. 8), and Defendants filed a Reply, (ECF No. 15). For the following reasons, the Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

 The instant dispute arises from two deeds of trust ("DOTs") on Lot 37 and Lot 38 (collectively "the Parcels") located within the Las Vegas Motor Coach Owners Association ("HOA") in Clark County, Nevada. (Pet. For Removal, Ex. A ("Compl.") ¶ 4, ECF No. 1-1). American Underwriters Life Insurance Company ("American Underwriters") received the DOTs from Defendants, and they were recorded against the Parcels on November 16, 2007, and January 11, 2008. (*Id*.). Eventually, Plaintiff became the successor to American Underwriters as the beneficiary under the DOTs. (*Id*.).

 The DOTs secured American Underwriters's loan to Defendants in the amount of $111,930.00 for each parcel. (*Id*. ¶ 5). On January 14, 2010, and February 25, 2010, the HOA recorded a lien for delinquent assessments on the Parcels in the amounts of $1,889.92 and $1,335.80. (*Id*. ¶¶ 6–7). A notice of breach and election to sell pursuant to the lien for delinquent assessments was recorded against Lot 37 on September 9, 2011, and against Lot 38

on September 1, 2011. (*Id.* ¶¶ 8–9). On January 31, 2012, a notice of foreclosure was recorded on Lot 37 and Lot 38. (*Id.* ¶¶ 10–11). Foreclosure sales for the Parcels were conducted on February 24, 2012. (*Id.* ¶ 12). At the foreclosure sale, Plaintiff bid $25,447.70 on Lot 37 and $25,504.01 on Lot 38. (*Id.*).

On June 26, 2012, the HOA filed suit against American Underwriters to quiet title and to wipe out American Underwriter's DOTs on the Parcels pursuant to the foreclosure sales. (*Id.* at ¶ 13); *see Las Vegas Motor Coach Owners Ass'n, Inc. v. American Underwriters Life Insurance Co.*, No. A-12-664235-C, 2013 WL 3868804 (Nev. Dist. Ct., June 06, 2013) (the "Prior Action"). Notably, Defendants and Plaintiff were not named as parties. (Mot. to Dismiss 3:6, ECF No. 7); (*see* Compl., Ex. C at 21, ECF No. 1-1). On June 6, 2013, the court granted summary judgment in the Prior Action where the court found in favor of American Underwriters by holding that the foreclosure sales did not wipe out the DOTs on the Parcels. (Compl. ¶ 14, ECF No. 1-1).

On September 19, 2013, the HOA filed an appeal with the Nevada Supreme Court. (*Id.* at ¶ 15). On September 18, 2014, the Nevada Supreme Court ruled in a different case that super priority lien foreclosures wipe out first trust deeds like the ones held by American Underwriters. *See SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014) ("*SFR*"). As a result of the decision in *SFR*, the Nevada Court of Appeals reversed and remanded the Prior Action. (*See* Compl. ¶ 17, ECF No. 1-1); *see Las Vegas Motor Coach Owners Ass'n, Inc. v. Am. Underwriters Life Ins. Co.*, No. 63651, 2015 WL 5554318 (Nev. App. Sept. 16, 2015). On May 31, 2016, the state court granted the parties' stipulation to quiet title to the Parcels in favor of the HOA. (*Id.* at ¶ 18); (*see* Compl., Ex. C at 21–30, ECF No. 1-1). As a result of the order granting the stipulation from the remanded Prior Action, Plaintiff recovered $9,000.00 on Lot 37 and $9,000.00 on Lot 38. (Compl. at ¶ 19).

In the instant case, Plaintiff claims that Defendants were obligated to pay back $119,300.00 plus interest under the deed of trust on Lot 37. (*Id*. at ¶ 21). Plaintiff further alleges that Defendants began paying for both Lot 37 and Lot 38, but defaulted under the deed of trust by not keeping American Underwriters in a first secured position. (*Id*. at ¶ 22–23). Plaintiff claims that the entire balance is due and payable in the amounts of "$73,304.02 in principal, $16,013.39 in interest, less $9,000 received from the HOA after the foreclosure sale" on Lot 37, and "$73,802.02 in principal, $15,514.40 in interest, less $9,000 received from the HOA after the foreclosure sale" on Lot 38. (*Id*. at ¶¶ 22–23). The crux of Plaintiff's argument is that "[D]efendants have breached the terms and conditions of the deed of trust on both Lot 37 and Lot 38." (*Id*. at ¶ 24).

Plaintiff filed the instant suit in state court against Defendants on November 23, 2016, alleging the following causes of action: (1) breach of contract and (2) breach of the implied duty of good faith and fair dealing. (*See* Compl., ECF No. 1-1). Defendants filed a Petition for Removal on February 22, 2017. (*See* Pet. For Removal, ECF No. 1). In the instant Motion, Defendants request that the Court dismiss all of Plaintiff's claims with prejudice. (*See generally* Mot. to Dismiss, ECF No. 7).

## II. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

If the Court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.  DISCUSSION

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint is time-barred because Plaintiff failed to apply for a deficiency judgment or file a civil action within six months after the date of the foreclosure sale pursuant to Nevada Revised Statute ("NRS") § 40.455 and NRS § 40.4639. (*See* Mot. to Dismiss 4:2–11, ECF No. 7); (*see also* Resp. 5:40–15).[1] Plaintiff argues that "this litigation was commenced timely" under Nevada's discovery rule because Plaintiff "reasonably believed that its trust deeds were still valid liens recorded against both [P]arcels of real property" up until the Prior Action was resolved. (Resp. 8:9–22, ECF No. 8).

---

[1] Because the parties disagree that NRS § 40.455 applies to the current action, but agree that NRS § 40.4639 does apply, the Court will analyze Defendant's time-bar argument under NRS § 40.4639.

Under NRS § 40.4639, the statute of limitations on civil actions brought by holders of junior real mortgages after foreclosure sales begins to accrue after the foreclosure sale occurs. In particular, NRS § 40.4639 provides:

> A civil action not barred by NRS 40.430 or 40.4638 by a person to whom an obligation secured by a junior mortgage or lien on real property is owed to obtain a money judgment against the debtor after a foreclosure sale of the real property or a sale in lieu of a foreclosure sale *may only be commenced within 6 months after the date of the foreclosure sale* or sale in lieu of a foreclosure.

NRS § 40.4639 (emphasis added).

Here, the HOA foreclosure sales on the Parcels were conducted on February 24, 2012. (*See* Compl. ¶ 12, ECF No. 1-1). The instant action was filed on November 23, 2016, in state court, five years after the foreclosure sales occurred. (*See* Pet. For Removal ¶ 1, ECF No. 1). Therefore, Plaintiff did not commence this civil action within six months after the date of the foreclosure sale as required by NRS § 40.4639. *See Taylor Bean & Whitaker Mortg. Corp. v. Vargas*, 408 P.3d 560 (Nev. 2017) (explaining that the district court ruled that the statute of limitations barred the action pursuant to NRS § 40.455 and NRS § 40.4639 because "Taylor Bean filed its complaint over six months after the foreclosure sale," however, the district court later reconsidered its order because NRS § 40.4639 became effective after the date of the foreclosure sale in the case). Accordingly, the Court finds that Plaintiff's action is time-barred by the statute of limitations NRS § 40.4639.

The Court's conclusion is also consistent with Nevada's discovery rule. Under the Nevada "discovery rule," "the statutory period of limitations is tolled until the injured party discovers or reasonably should have discovered facts supporting a cause of action." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990). When "dealing with statutes that do not specify when a cause of action accrues, [the Nevada Supreme Court has] held that the discovery rule would apply." *Bemis v. Estate of Bemis*, 967 P.2d 437, 440 (Nev. 1998). Here, NRS § 40.4639

specifies when the cause of action accrues, however, because the Nevada Supreme Court has "[p]reviously applied the discovery rule to contract actions, holding that an action for breach of contract accrues as soon as the plaintiff *knows or should know* of facts constituting a breach," the Court will analyze the discovery rule in relation to the facts of this case. *Id*. at 1025; *see Soper v. Means*, 903 P.2d 222, 224 (Nev. 1995).

Plaintiff argues that the discovery rule applies and that the six-month time-bar began after the date of the foreclosure sale. (*See* Resp. 8:16–18). Specifically, Plaintiff claims it was not made aware that "the titles to [the Parcels] were quieted in favor of the HOA such that titles to each lot be held by the HOA free and clear of [P]laintiff's predecessor's [DOTs]." (Resp. 8:19–22). Plaintiff asserts it "reasonably believed that its [DOTs] were still valid liens recorded against both [P]arcels of real property" until the Prior Action was resolved on May 31, 2016. (*Id*. 8:16–17). For this reason, Plaintiff argues the discovery rule applies, and the six-month time-bar did not begin to run until the resolution of the Prior Action on May 31, 2016. (Resp. 8:23–9:13).

The Court disagrees. Plaintiff alleges that it was the successor to American Underwriters as the beneficiary under the DOTs. (Compl. ¶ 4, ECF No. 1-1). As the assigned successor, Plaintiff stepped into the shoes of American Underwriters. *See First Fin. Bank v. Lane*, 339 P.3d 1289, 1293 (Nev. 2014) (quoting *Interim Capital LLC v. Herr Law Grp., Ltd*., No. 2:09-cv-01606-KJD, 2011 WL 7047062, at *6 (D. Nev. Oct. 21, 2011)) (stating that "an assignment operates to place the assignee in the shoes of the assignor, and provides the assignee with the same legal rights as the assignor had before assignment."). American Underwriters were parties to the Prior Action, and as their successors, Plaintiff assumed the rights and duties of American Underwriters. Additionally, Plaintiff was aware of Defendants' delinquent status, the notice of foreclosure, and the occurrence of the foreclosure sale because it placed a bid on the Parcels during the sale. (*See* Compl. ¶ 12, ECF No. 1-1); *see Nationstar*

*Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 215-cv-01287-RCJ-NJK, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017) ("If the facts giving rise to the cause of action are matters of public record then '[t]he public record gave notice sufficient to start the statute of limitations running.'"). For these reasons, Plaintiff was aware of the Prior Action and the facts supporting the instant cause of action.

Furthermore, Plaintiff did not commence the instant action until two years after the Nevada Supreme Court's holding in *SFR*, "which essentially held, among other things, that super priority lien foreclosures, like the ones conducted by the HOA against Lot 37 and Lot 38, wiped out first trust deeds like the ones held by [P]laintiffs predecessor." (Resp. 6:3–6). After *SFR* was decided, Plaintiff knew or should have known that the Prior Action would be resolved in the HOA's favor. Based on the pleadings, the Court finds Plaintiff discovered or should have discovered the facts giving rise to the instant action. Accordingly, the six-month statutory period of limitation is not tolled, and the instant action is barred pursuant to the statute of limitations provided by NRS § 40.4639.

Currently, Plaintiff is attempting to revive the DOTs that were quieted in favor of the HOA. (*See* Compl., Ex. C at 21, 26–30, ECF No. 1-1). The Court finds Plaintiff's claims are inappropriate because Plaintiff cannot allege a breach of contract claim on deeds of trust that have been extinguished pursuant to the Prior Action's stipulation. Further, the Court is concerned that the instant action may not be permissible pursuant to the doctrine of issue preclusion.

As to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, Defendants argue that it "is further and independently subject to dismissal based on the fact that it is redundant and duplicative of the breach of contract cause of action." (Mot. to Dismiss 4:15–17). Because the Court has found that the action is time-barred, the Court dismisses both the breach of contract and breach of the implied covenant of good faith and fair dealing claims.

Accordingly, because Plaintiff is precluded from bringing this action, the Court dismisses its Complaint with prejudice.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss, (ECF No. 7), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED with prejudice**.

The Clerk of Court shall close the case.

**DATED** this \_\_28\_\_ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court